## C. N. BEAL, *Assignee*, v. H. P. DILLON.
### No. 146.

STOCKHOLDER — *assignee of corporation may sue, for unpaid subscription, — stockholder may set up that subscription was fraudulently obtained.* An assignee at law of an insolvent corporation may maintain an action against a delinquent stockholder therein, to collect an unpaid subscription to the capital stock of such corporation ; and in such action the stockholder may interpose the defense, that he was fraudulently induced to become a subscriber to the capital stock through the false and fraudulent representations of the corporation and its officers.

Error from Shawnee District Court.   Hon. John Guthrie, Judge.   Opinion filed December 29, 1896. *Affirmed.*

*John T. Morton,* for plaintiff in error.

*Rossington, Smith & Dallas,* and *Clifford Histed,* for defendant in error.

CLARK, J.   This is an action brought in the District Court of Shawnee County by the plaintiff in error, to recover from the defendant in error the sum of $500. Briefly stated, the essential allegations of the petition are, that the Topeka Manufacturing Company is a corporation duly organized under the laws of this State for the purpose of the transaction of a manufacturing, mechanical, mercantile and agricultural implement business ; that its capital stock is divided into one thousand shares of the par value of $100 each ; that the defendant is the owner and holder of ten of these shares, by virtue of an agreement entered into between him and the corporation that he would become such owner, and the subsequent acceptance and retention by him of a certificate for said ten shares of stock, which was duly issued and delivered to him by such corporation ; that the amount paid

thereon was only $500; that the corporation thereafter duly made an assignment for the benefit of its creditors, and that, subsequently, C. N. Beal became, ever since has been, and now is the duly chosen, qualified and acting assignee thereof; that its liabilities greatly exceed its assets; that in order to liquidate its indebtedness it is necessary that each stockholder should be required to pay the assignee the amount which, together with any sums theretofore paid thereon, would equal the par value of the stock held by him; that, upon application duly made therefor, in which proceeding the necessity for such payment was satisfactorily shown to exist, the District Court of the county in which such assignment proceedings were pending made an order requiring each stockholder to pay the balance due upon the shares of stock subscribed and owned by him, prior to a certain date therein mentioned — being more than sixty days after the entry of the order, but which period had elapsed before the commencement of this action, — and that in default thereof the assignee should proceed to collect the same by suit; that the defendant had failed to make such payment; and that there remained due and unpaid upon his shares of stock the sum of $500, for which amount the plaintiff prayed judgment. A demurrer to the petition having been overruled, an answer was filed, the material allegations of which are : *First*, that in consideration of the $500 paid by Dillon to the corporation, as stated in the petition, the latter issued to him the said shares of stock, as full-paid, and then and there released him from any other or further payment thereon, and expressly agreed that the amount so paid should be in full settlement therefor; *Second*, that the right to question or attack the validity of such transaction between the corporation

and the defendant, or to recover any further or additional sum upon such stock, did not pass by the deed of assignment; *Third*, that no call for an assessment upon said stock, in excess of the amount which had been paid thereon, as stated in the petition, was ever made by the board of directors of said corporation; and *fourth*, that said corporation, for the purpose and with the intent to defraud the defendant by inducing him to subscribe to its capital stock, made sundry false and fraudulent representations to him as to its solvency, the amount and character of the business then being transacted by it, and the profits resulting therefrom — all of which are definitely set forth in the answer — and that the defendant, believing such representations to be true, was induced to become a subscriber; but that, as soon as he discovered that such representations were false, he wholly repudiated and rejected such subscription. The answer also contains a prayer that judgment be rendered in favor of the defendant for costs.

Upon the pleadings so filed the plaintiff moved for judgment, upon the grounds, as alleged, that the answer admitted the allegations in the petition and did not state facts sufficient to constitute a defense to the cause of action therein set forth. This motion having been overruled, and the plaintiff being desirous of standing on his motion, judgment was rendered in favor of the defendant for costs, and this proceeding in error was instituted by the plaintiff. The errors complained of are, the overruling of the motion for judgment in favor of the plaintiff on the pleadings, and the rendition of the judgment in favor of the defendant.

Section 2 of article 12 of the State Constitution declares that "dues from corporations shall be secured

by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder ; and such other means as shall be provided by law ; '' and the Legislature, by the enactment of paragraph 1192, General Statutes of 1889, has ''provided by law '' that —

''If any execution shall have been issued against the property or effects of a corporation, . . . and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon ; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged ; and, upon such motion, such court may order execution to issue accordingly ; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment.''

The defendant in error contends that, as there is no provision of law specifically authorizing an assignee of an insolvent corporation to maintain an action against a stockholder therein to recover from him any part of his unpaid subscription to the capital stock, while the right to maintain such an action is in terms conferred by statute upon each individual stockholder who by compliance with certain prescribed conditions shall show the necessity for resorting to this particular fund for the payment of his judgment, the right to maintain an action to recover an unpaid subscription is not assignable ; and that the statutory remedy given in favor of the creditor must be held to be exclusive.    We think, however, that, when one be-

*Assignee of corporation may collect unpaid subscription to stock.*

comes a subscriber to the capital stock of a corporation, he, by that very act, acknowledges himself to be indebted to such corporation in an amount equal to the par value of the stock subscribed by him, and that the same shall be payable "in such manner, and in such installments" as may be required by the board of directors when acting in conformity to the regulations prescribed by the by-laws of the corporation (Gen. Stat. 1889, ¶ 1186), and that any amount unpaid thereon constitutes an asset of the corporation, which passes under a valid deed of assignment. We also think, should the board of directors of an insolvent corporation fail to discharge their duty by making a "call" for the payment of such unpaid subscription, a court of equity has ample power in the premises, and upon a proper showing may, unaided by statute, make such "call," and direct payment thereunder to the assignee. The statutory remedy afforded a judgment creditor is cumulative, and not exclusive; and the court very properly overruled the demurrer interposed by the defendant.

In support of these views we desire to quote, with approval, from a decision rendered by the Missouri Court of Appeals. Under the laws of Missouri, a stockholder in a corporation is liable for only the amount of stock subscribed by him; and the statute which authorizes a judgment creditor to proceed by motion against an individual stockholder is almost identical in terms with our paragraph 1192, supra. *Lionberger v. Broadway Savings Bank* (10 Mo. App. 499), was an action by the assignee of an insolvent bank against his assignor and its board of directors to compel the making, for the benefit of its creditors, of a call or assessment upon the shares of stock in an amount which, with that already paid thereon, would

32        BEAL, *Assignee*, v. DILLON.

N. Dept.        Opinion.   Clark, J.        5 Kan. App.

equal ninety per cent. of its par value. The petition contained allegations showing the necessity of raising such amount; the refusal of the board to make the call; that certain depositors had recovered judgments against the bank upon which executions had been returned *nulla bona;* that these judgment creditors had filed motions, under the statute, for executions against the individual stockholders, which were still pending; that the judgment creditors were the only creditors thus proceeding, and that they were seeking to recover $25,000, which was due to six hundred creditors. The trial court held that no cause of action was stated, and sustained a demurrer to the petition.

The law of Missouri, at the date of the subscription to the stock in question, provided that ten per cent. upon each share should be paid at the time it was subscribed, and that the remainder should be paid " upon such calls, and upon such terms, as the directors may, from time to time, prescribe.'' The Court of Appeals said :

" The ninety per cent. retained by each shareholder . . . is a debt . . . to the bank, as much pledged to all parties dealing with the bank for the payment of the bank's liabilities as the cash in its vaults.'' " The unpaid subscriptions being the only remaining assets, and being insufficient, equity has jurisdiction to entertain a bill by the assignee acting on behalf of all the creditors to recover unpaid subscriptions. . . . Title is also determined by the policy of the law as declared in the Assignment Act, . . . which is a ratable distribution of the assets. Whatever rights are given by the statute to a judgment creditor who has issued execution and proceeded against any stockholder, will remain unaffected by the assignment ; and we cannot see that the existence of such rights, and the fact that some creditors may have proceeded to obtain judgment and to satisfy

BEAL, *Assignee*, v. DILLON. , 33

Dec. 29, 1896.            Opinion.   Clark, J.              E. Div.

their executions by motion against individual stockholders, is an objection to the granting of the relief asked in this proceeding.''

In answer to the contention of counsel, that the statute, by authorizing a creditor to proceed against a stockholder, amounted in effect to the offering of a reward to the diligent creditor and excluded the idea of a common interest, the court said :

''But this reasoning starts with the assumption that the remedy given by the statute is exclusive ; and it appears, by what has been already said, that we think that the statutory remedy against the stockholder cumulative, and not exclusive. . . . The subscribers, in becoming subscribers, intended to hold themselves responsible for the payment of assessments upon their stock when the same should be legally demanded ; and the directors, in becoming directors, intended to call in the payments on shares subscribed, when the necessities of the corporation required this in order to enable it to meet its legal obligations. . . . The corporation has made an assignment, and, if we are right in holding that it could assign, and did assign its claim to these unpaid subscriptions, the right of the assignee of the corporation to apply to a court of equity is not created by the statute giving a direct remedy to the creditor against the stockholder, but existed independently of the statute. The direct remedy of the creditor against the stockholder is given by statute, but it is not inconsistent with the right of the assignee.''

Does the answer present any legitimate defense to the cause of action set up in the petition? The latter alleges that the corporation was created on or about March 16, 1883. There is no positive allegation as to the date that Dillon became a stockholder, but, as it is sought to construe his agreement that he would become a stockholder, coupled with his acceptance of the certificate for the ten shares

34        BEAL, *Assignee*, v. DILLON.

N. Dept.          Opinion.   Clark, J.          5 Kan. App.

which was issued to him, as equivalent to a sub-
scription to the capital stock, probably it should
not be presumed that he became a subscriber there-
in prior to the date and delivery of such certificate,
which was January 28, 1884; that was more than
ten months after the corporation was created, and
but little more than eight months before the assign-
ment was made.    There is nothing in the record to
indicate that any of the indebtedness which was
created by the corporation after Dillon became a stock-
holder remained unpaid at the date of the assign-
ment, nor that the rights of any one, either as creditor
or stockholder, were in any manner prejudiced by the
alleged agreement that Dillon should be required to
pay but fifty per cent. of the par value of the stock
which was issued to him.    For aught that appears in
the record, a similar agreement may have been en-
tered into with all the stockholders.    If such was the
case, the transaction with Dillon was not a fraud
sought to be perpetrated upon the stockholders.    If
the indebtedness was all created prior to the date that
Dillon became a stockholder, no creditor has any cause
for complaint concerning this agreement. *Handley v.
Stutz*, 139 U. S. 417.

If the subscription was induced by false and fraud-
ulent representations of the corporation, as alleged in
the answer, why is not such defense al-
lowable in an action brought by the cor-
poration to recover upon the contract of
subscription, where there are no supervening equities?
*Waldo v. Railroad Co.*, 14 Wis. 575; *Upton v. Engle-
hart*, 3 Dill. 496; *Farrar v. Walker*, id. 506.    The an-
swer alleges that, as soon as the defendant learned
that these representations were false, he wholly repu-
diated and rejected his subscription.    This, as between

Stockholder may
set up fraud, etc.,
as defense.

himself and the corporation, he had a legal right to do. We then have here a petition stating a cause of action in favor of the plaintiff, to which the defendant answered, by way of confession and avoidance, admitting that he was a stockholder, but alleging that the corporation was estopped from demanding from him the payment of any additional sum upon his subscription, because of its agreement, made at the time he became a stockholder, that the amount then paid should be received in full settlement for his stock; and because the contract of subscription was induced by fraud and false representations made to him by the corporation, and was thereafter wholly repudiated and rejected by him as soon as he discovered that such representations were false. The truth of these allegations was admitted by failure to reply thereto. In fact, the motion for judgment upon the pleadings amounted in law to a demurrer to the answer, and in like manner confessed the truth of its material allegations. As the plaintiff elected to stand on his motion, the court properly entered judgment in favor of the defendant for costs; and such judgment will be affirmed.